1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   UNITED STATES OF AMERICA,                    Case No. 2:10-CR-39 JCM (PAL)

8                          Plaintiff(s),                              ORDER

9          v.

10  CHRISTOPHER J. BIGGERS,

11                         Defendant(s).

12

13          Presently before the court is petitioner Christopher Biggers's motion to vacate, set aside,

14  or correct sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 64).  The government filed a response

15  in opposition (ECF No. 66), to which petitioner replied (ECF No. 67).

16          Also before the court is petitioner's emergency motion for a hearing.  (ECF No. 68).

17  **I.      Facts**

18          On October 19, 2010, petitioner pleaded guilty to count one of the indictment for federal

19  bank robbery in violation of 18 U.S.C. § 2113(a).  (ECF No. 30).  The consolidated plea agreement

20  included, *inter alia*, a waiver of the right to appeal his conviction and sentence, except an upward

21  departure, and all non-waivable claims of ineffective assistance of counsel.  (ECF No. 32).

22          On April 14, 2011, the court sentenced petitioner to 151 months in custody, followed by

23  three (3) years supervised release.  (ECF No. 39).  Petitioner was advised of his rights to file an

24  appeal.  (ECF No. 39).  The court entered judgment on April 25, 2011.  (ECF No. 41).  Judgment

25  was reentered on March 23, 2012.  (ECF No. 57).

26          On March 30, 2012, petitioner filed an appeal.  (ECF No. 42).  On October 19, 2012, the

27  Ninth Circuit affirmed.

28

**James C. Mahan**
**U.S. District Judge**

1    In the instant motion, petitioner moves to vacate the career offender enhancement in his

2  sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and requests that the court

3  resentence him to 100 months.  (ECF No. 64).

4  **II.    Legal Standard**

5    Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court

6  imposed the sentence "in violation of the Constitution or laws of the United States . . . ."  28 U.S.C.

7  § 2255(a).  Section 2255 relief should be granted only where "a fundamental defect" caused "a

8  complete miscarriage of justice."  *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill*

9  *v. United States*, 368 U.S. 424, 428 (1962).

10    Limitations on § 2255 motions are based on the fact that the movant "already has had a fair

11  opportunity to present his federal claims to a federal forum," whether or not he took advantage of

12  the opportunity.  *United States v. Frady*, 456 U.S. 152, 164 (1982).  Section 2255 "is not designed

13  to provide criminal defendants multiple opportunities to challenge their sentence."  *United States*

14  *v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

15  **III.   Discussion**

16    As an initial matter, petitioner's "emergency" motion for hearing (ECF No. 68) was filed

17  as a separate motion requesting a hearing in violation of Local Rule 78-1, which states "[p]arties

18  must not file separate motions requesting a hearing."  Regardless, "[a]ll motions may be considered

19  and decided with or without a hearing."  LR 78-1.  In the instant matter, the court finds that a

20  hearing is not necessary to consider and decide petitioner's motion to vacate.  Thus, petitioner's

21  emergency motion for hearing will be denied.

22    In the instant motion, petitioner argues that under 28 U.S.C. § 2255, he is entitled to a

23  resentencing when his original sentence was in excess of the maximum authorized by law or was

24  imposed in violation of the Constitution or laws of the United States.  (ECF No. 64 at 4).  Petitioner

25  asserts that in light of *Johnson*, he is not a career offender and his sentence violates due process as

26  it was premised on an unconstitutional application of U.S.S.G. § 4B1.2(a)'s residual clause.  (ECF

27  No. 64 at 4–5).  Petitioner thus concludes that he should be resentenced to 100 months rather than

28  the current sentence of 151 months.  (ECF No. 64).

**James C. Mahan**
**U.S. District Judge**

- 2 -

The court disagrees. In *Johnson v. United States*, the United States Supreme Court held the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), to be unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). In particular, the Supreme Court held that "increasing a defendant's sentence under the clause denies due process of law." *Id.* The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The closing words emphasized above have come to be known as the ACCA's "residual clause." *Johnson*, 135 S. Ct. 2555–56.

*Johnson*, however, is inapplicable here because petitioner was not sentenced under the ACCA's residual clause and no mandatory fifteen (15) year minimum was applied to his sentence. As *Johnson* is inapplicable, the instant motion is untimely.

Motions to vacate a sentence pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year period runs from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> . . .
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . .

28 U.S.C. § 2255(f).

Judgment was reentered on March 23, 2012. (ECF No. 57). Petitioner filed the instant petition approximately four years later, on February 5, 2016. (ECF No. 64). As *Johnson* is inapplicable because no ACCA residual clause was applied to his sentence, petitioner's petition is untimely.

Further, in the plea agreement signed by the petitioner, he expressly "waive[d] his right to file any petitions under 28 U.S.C. § 2255, except for a [§] 2255 petition for ineffective assistance

James C. Mahan
U.S. District Judge

- 3 -

1  of counsel." (ECF No. 32 at 6).  Petitioner thus waived his right to file the instant petition as it

2  does not raise a claim for ineffective assistance of counsel.

3  Accordingly, based on the foregoing, the court will deny petitioner's motion to vacate, set

4  aside, or correct sentence pursuant to 28 U.S.C. § 2255.

5  Lastly, the court declines to issue a certificate of appealability.  The controlling statute in

6  determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as

7  follows:

8  (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
   district judge, the final order shall be subject to review, on appeal, by the court of
9  appeals for the circuit in which the proceeding is held.

10  (b) There shall be no right of appeal from a final order in a proceeding to test the
    validity of a warrant to remove to another district or place for commitment or trial
11  a person charged with a criminal offense against the United States, or to test the
    validity of such person's detention pending removal proceedings.
12

13  (c)
         (1) Unless a circuit justice or judge issues a certificate of appealability, an
         appeal may not be taken to the court of appeals from—
14           (A) the final order in a habeas corpus proceeding in which the
             detention complained of arises out of process issued by a State court;
15           or
             (B) the final order in a proceeding under section 2255.
16       (2) A certificate of appealability may issue under paragraph (1) only if the
         applicant has made a substantial showing of the denial of a constitutional
17       right.
         (3) The certificate of appealability under paragraph (1) shall indicate which
18       specific issue or issues satisfy the showing required by paragraph (2).

19  28 U.S.C. § 2253.

20  Under § 2253, the court may issue a certificate of appealability only when a movant makes

21  a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a

22  substantial showing, the movant must establish that "reasonable jurists could debate whether (or,

23  for that matter, agree that) the petition should have been resolved in a different manner or that the

24  issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v.*

25  *McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

26  The court finds that petitioner has not made the required substantial showing of the denial

27  of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists

28  would not find the court's determination that movant is not entitled to relief under § 2255

James C. Mahan
U.S. District Judge

- 4 -

1    debatable, wrong, or deserving of encouragement to proceed further.    Accordingly, the court

2    declines to issue a certificate of appealability.

3    **IV.    Conclusion**

4    Accordingly,

5    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner Christopher

6    Biggers's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No.

7    64) be, and the same hereby is, DENIED.

8    IT IS FURTHER ORDERED that petitioner's emergency motion for a hearing (ECF No.

9    68) be, and the same hereby is, DENIED.

10    DATED February 15, 2017.

11

12    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 5 -